## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **BRENNAN LANDY and CANDY WORKMAN, individually and on behalf of all others similarly situated,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| **v.** ) ) | **Case No. 1:19-cv-12562-IT** |
| **SUNPATH LTD., a Massachusetts corporation** ) ) | |
| **Defendant.** ) ) | |

## DEFENDANT SUNPATH LTD.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant SunPath Ltd. ("Defendant" or "SunPath"), by counsel, hereby answers, paragraph by paragraph, Plaintiffs Brennan Landy's ("Landy") and Candy Workman's ("Workman", or collectively "Plaintiffs") Class Action Complaint filed on December 20, 2019 ("Complaint") (ECF No. 1).

With respect to the opening, un-numbered paragraph of Plaintiff's Complaint, SunPath denies it engages in the practice of placing calls to consumers, including Plaintiffs, registered on the National Do Not Call Registry, or that it makes any outgoing marketing calls to consumers at all. Further answering, SunPath denies that any alleged damages suffered by Plaintiffs or members of the putative class were not the result of any conduct by SunPath. SunPath also denies any liability for the acts or omissions of any third parties Plaintiffs claim were in any way responsible for making the allegedly unlawful calls that are the subject of their Complaint, and denies that any of these third parties were agents of SunPath; SunPath exercised no control or authority over, and is not responsible for the conduct of any third party that may have made any of the allegedly unlawful calls to Plaintiffs. The remaining statements in this paragraph are recitations of Plaintiffs'

requested relief, and do not contain any factual allegations requiring a response from SunPath. To the extent that any further response is deemed necessary, denied.

## PARTIES

1.      SunPath is without sufficient knowledge or information to admit or deny the allegations in this paragraph. To the extent a response is required, denied.

2.      SunPath is without sufficient knowledge or information to admit or deny the allegations in this paragraph. To the extent a response is required, denied.

3.      Admitted.

## JURISDICTION AND VENUE

4.      The allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, SunPath does not deny that the Court has subject matter jurisdiction over claims arising under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").  Further answering, Defendant is without sufficient knowledge to either admit or deny that this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332 ("CAFA").   Any remaining allegations in this paragraph are legal conclusions to which no response is required, but to the extent a response is deemed required, denied.

5.      SunPath admits it conducts business in this District and that it has entered into business contracts in this District, but denies that it "solicits" business.  The remaining allegations contained in this paragraph are legal conclusions to which no response is required, but to the extent that a response is required, denied.

6.      The allegations contained in this paragraph are legal conclusions to which no response is required, but to the extent that a response is deemed necessary, denied.  Further answering, SunPath denies that the calls to Plaintiffs or to members of the putative class were

2

made by SunPath or any of its employees, representatives, or agents.  SunPath is without sufficient information to admit or deny the remaining allegations contained in this paragraph, but to the extent a response is required, denied.

7.      SunPath denies this is a proper characterization of content contained on its website. Further answering, SunPath admits only that it administers vehicle service contracts, but denies the remaining allegations contained in paragraph 7.

8.      SunPath denies that it conducts or conducted widespread telemarketing campaigns or unsolicited telemarketing campaigns using autodialed or prerecorded phone calls, and therefore also denies placing calls using an automatic telephone dialing system ("ATDS") without prior express consent.  The remaining allegations are legal conclusions to which no response is required, but to the extent a response is deemed required, denied

9.      Denied.

10.     The TCPA and its implementing regulations, as cited in paragraph 10, speak for themselves.  Further answering, SunPath denies placing calls in violation of the cited statute.

11.     The allegations contained in this paragraph are legal conclusions to which no response is required, but to the extent a response is required, SunPath denies making, or directing to be made, calls to Plaintiffs' telephones or to telephones of members of the putative class.

12.     The TCPA, as cited in in paragraph 12, speaks for itself.  The remaining allegations in paragraph 12 are legal conclusions to which no response is required.  To the extent that a response is deemed required, SunPath denies making or causing to be made the calls alleged in this Complaint.

13.      The allegations contained in paragraph 13 are legal conclusions to which no response is required.  Furthermore, SunPath denies making the calls at issue in this Complaint and

therefore denies liability resulting from any alleged harm or injury. To the extent that any further response is deemed necessary, denied.

14.     SunPath denies it makes outgoing marketing calls to consumers, or that it at any point made calls to Plaintiffs or any members of the proposed class in violation of the TCPA.

15.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, SunPath denies it knowingly made, or continues to make, telemarketing calls to numbers on the Do Not Call Registry, and therefore denies it "invaded the personal privacy of Plaintiffs [or] members of the putative Class" in violation of the TCPA.

16.     SunPath denies it was aware of any calls made to Plaintiffs and is, therefore, without sufficient information to either admit or deny that calls received were autodialed or contained prerecorded messages. To the extent that a response is required, denied.

17.     The allegations contained in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, SunPath denies the allegations contained in paragraph 17.

18.     SunPath denies making unsolicited telemarketing calls to telephones registered on the Do Not Call List and, therefore, denies any liability for alleged injury caused to Plaintiffs.

19.     SunPath denies engaging in unauthorized "calling activities" to Plaintiffs or members of the proposed class and therefore denies that Plaintiffs are entitled to an award of statutory damages or attorneys' fees.

## FACTS SPECIFIC TO PLAINTIFF LANDY

20.     SunPath is without sufficient knowledge or information to either admit or deny the allegations made in paragraph 20, but to the extent that a response is deemed necessary, denied.

21.     SunPath is without sufficient knowledge or information to either admit or deny the allegations made in paragraph 21, but to the extent that a response is deemed necessary, denied.

22.     SunPath is without sufficient knowledge or information to either admit or deny the allegations made in paragraph 22, but to the extent that a response is deemed necessary, denied.

23.     SunPath is without sufficient knowledge or information to either admit or deny the allegations made in paragraph 23, but to the extent that a response is deemed necessary, denied.

24.     SunPath is without sufficient knowledge or information to form a belief as to Landy's intentions in requesting an email be sent to him.  To the extent a response is deemed necessary, denied.  Further answering, to the extent Plaintiffs allege that SunPath sent the email referenced in this paragraph to Landy, denied.  SunPath denies that Plaintiffs' characterization of SunPath's role as a party to the service contracts listed on its website is accurate and avers that its contracts speak for themselves.

25.     SunPath is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 relating to the proposed contract Plaintiff Landy allegedly received, and therefore denies the allegations contained in paragraph 25.  Furthermore, although SunPath admits to being a contract administrator for SecureAdvantage Contracts and the phone number listed on the proposed contract, (888) 990-7786, is the phone number listed on SunPath's website, to the extent Plaintiffs allege this is proof of SunPath's knowledge of or involvement in the calls at issue in this Complaint, denied.

26.     SunPath is without sufficient knowledge or information form a belief as to the truth of the allegations made in paragraph 26.  To the extent a response is required, denied.

27.     SunPath is without sufficient knowledge or information to form a belief as to the truth of the allegations made in paragraph 27.  To the extent a response is required, denied. Further

answering, SunPath denies that a representative of SunPath was responsible for the call to Landy's phone.

28.     SunPath is without sufficient knowledge or information form a belief as to the truth of the allegations made in paragraph 28.  To the extent a response is required, denied. Further answering, SunPath denies that a representative of SunPath was responsible for the call to Landy's phone.

29.     SunPath admits only to being a contract administrator for a service contract called Mileage Plus and that the phone number listed on the proposed contract, (888) 990-7786, is the phone number listed on SunPath's website. To the extent Plaintiffs allege this is proof of SunPath's knowledge of or involvement in the calls at issue in this Complaint, denied.  SunPath is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 29.  To the extent any further response is required, SunPath denies the remaining allegations in this paragraph not specifically admitted above.

30.     SunPath is without sufficient knowledge or information form a belief as to the truth of the allegations made in paragraph 30. To the extent a response is required, denied.

31.     SunPath is without sufficient knowledge or information form a belief as to the truth of the allegations made in paragraph 31. To the extent a response is required, denied. Further answering, SunPath denies that a representative of SunPath was responsible for the call to Landy's phone described in paragraph 31.

32.     SunPath admits only that, on information and belief, it does not have a current contractual agreement with Plaintiff. SunPath lacks sufficient information to form a belief as to whether Landy ever, under any circumstances, provided his number directly to SunPath or requested that SunPath place any calls to him.  The remaining allegations contained in paragraph

32 are legal conclusions to which to response is necessary, but to the extent that a response is deemed necessary, denied.  Furthermore, SunPath specifically denies that it made any calls to Landy.

## FACTS SPECIFIC TO PLAINTIFF WORKMAN

33.     SunPath is without sufficient information or knowledge to either admit or deny the allegations in paragraph 33, but to the extent a response is required, denied.

34.     SunPath is without sufficient information or knowledge to either admit or deny the allegations in paragraph 34, but to the extent a response is required, denied.

35.     SunPath is without sufficient information or knowledge to either admit or deny the allegations in paragraph 35, but to the extent a response is required, denied.

36.     SunPath is without sufficient knowledge or information form a belief as to the truth of the allegations made in paragraph 36.  To the extent a response is required, denied.

37.     SunPath is without sufficient information to either admit or deny the allegations contained in paragraph 37, but to the extent a response is deemed require, denied.  Further answering, SunPath denies that an agent or representative of SunPath was responsible for the call to Workman described in paragraph 37.

38.     SunPath is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 38, but to the extent a response is required, denied.

39.     SunPath is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 39, but to the extent a response is required, denied.

40.     SunPath is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 40, but to the extent a response is required, denied.

41.     SunPath is without sufficient information to either admit or deny the allegations contained in paragraph 41, but to the extent a response is deemed required, denied.  Further answering, SunPath denies that an agent or representative of SunPath was responsible for the call to Workman described in paragraph 41.

42.     SunPath is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 42, but to the extent a response is required, denied.

43.     SunPath is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 43, but to the extent a response is required, denied.  Further answering, SunPath denies that an agent or representative of SunPath was responsible for the call to Workman described in paragraph 43.

44.     SunPath is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 44, but to the extent a response is required, denied.

45.     SunPath is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 45, but to the extent a response is required, denied.

46.      SunPath is without sufficient knowledge or information to form a belief as to Workman's intentions in requesting an email be sent to her.  To the extent a response is deemed necessary, denied.  Further answering, Defendant admits that "Horizon Diamond" is the name of a service contract listed on its website, but denies that Plaintiffs' characterization of SunPath's role as a party to the service contracts listed on its website is accurate.

47.     Defendant is without sufficient information to either admit or deny the accusations contained in paragraph 47, but to the extent a response is deemed necessary, denied.

48.     SunPath admits only that, on information and belief, it does not have a current contractual agreement with Plaintiff. SunPath lacks sufficient information to form a belief as to

whether Workman ever, under any circumstances, provided her number directly to SunPath or requested that SunPath place any calls to her.  The remaining allegations contained in paragraph 32 are legal conclusions to which to response is necessary, but to the extent that a response is deemed necessary, denied.  Furthermore, SunPath specifically denies that it made any calls to Workman.

## CLASS ALLEGATIONS

49.     SunPath admits that Plaintiffs purport to bring this action under the cited Federal Rules of Civil Procedure.  The remaining allegations contained in paragraph 49 are legal conclusions to which no response is required.  However, to the extent a response is required, denied.  Furthermore, SunPath denies that the purported class definition is appropriate pursuant to Rule 23.  It is, among other defects, an improper failsafe class.

50.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent an answer is required, the allegations are denied.  Furthermore, SunPath denies that it or any of its agent or representative made the alleged calls to Plaintiffs or any member of the proposed class.

51.      This paragraph calls for legal conclusions, and thus, no response is required.  To the extent an answer is required, the allegations are denied. Furthermore, SunPath denies it has placed pre-recorded calls to consumers in violation of the TCPA.

52.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent an answer is required, the allegations are denied.  Furthermore, SunPath denies engaging in "uniform wrongful conduct" and therefore denies liability for damages alleged by the putative Class.

53.     This paragraph calls for legal conclusions, and thus, no response is required. To the extent an answer is required, the allegations are denied. Further answering, Defendant denies making any of the calls to Plaintiffs or any member of the proposed class in violation of the TCPA.

54.     This paragraph calls for legal conclusions, and thus, no response is required. To the extent an answer is required, the allegations are denied. Furthermore, SunPath denies that it, or any agent or representative, called Plaintiffs in violation of the TCPA, and therefore denies any liability for alleged injuries to Plaintiffs or members of the putative class.

55.     This paragraph calls for legal conclusions, and thus, no response is required. To the extent an answer is required, denied. Further answering, SunPath denies that it, or any of its agents or representatives, called Plaintiffs or any member of the proposed class in violation of the TCPA.

56.     Paragraph 56 does not contain any factual allegations requiring a response from SunPath, but if a response is deemed required, denied.

57.     The cited portion of the TCPA in paragraph 57 speaks for itself, and SunPath denies that the characterization given in this paragraph is a complete recitation of the TCPA.  The remaining allegations in this paragraph do not relate to SunPath and therefore no response is required, but to the extent a response is required, denied.

58.     The cited portion of the TCPA in paragraph 58 speaks for itself, and SunPath denies that the characterization given in this paragraph is a complete recitation of the TCPA. Further answering, SunPath denies it, or any agents or representative, called Plaintiffs in violation of the TCPA.

59.     The referenced regulation and report cited in paragraph 59 speak for themselves, and SunPath denies that the characterization given in this paragraph is a complete recitation of the

cited regulation and report. Further answering, SunPath denies it, or any of its agents or representatives, called makes telephone solicitations or telemarketing calls.

60.     The regulation cited in paragraph 60 speaks for itself, and SunPath denies that the characterization given in this paragraph is a complete recitation of the cited regulation.  The remainder of paragraph 60 contains no allegations that relate to SunPath to which a response is required.  To the extent any response is required, denied.

61.     The allegations in Paragraph 61 are legal conclusions to which no response is required. To the extent a response is deemed required, denied.

62.     SunPath denies making any telephone calls to Plaintiffs or members of the Do Not Call Registry Class.  Further answering, SunPath is without sufficient information to either admit or deny whether Plaintiffs or members of the Class consented to receiving phone calls during the calls in question.  To the extent a response is deemed required, denied.

63.     The allegations in Paragraph 63 are legal conclusions to which no response is required. To the extent a response is deemed required, denied.

64.     The allegations in Paragraph 64 are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies making any telephone calls to Plaintiffs or members of the Do Not Call Registry Class in violation of the TCPA, and therefore denies Plaintiffs or any proposed class members are entitled to any amount of statutory damages.

## **PRAYER FOR RELIEF**

This section does not contain any factual allegations requiring a response from SunPath, but if a response is deemed required, SunPath denies that Plaintiffs or any putative class member is entitled to any relief from SunPath.

## GENERAL DENIAL

All allegations set for in Plaintiff's Complaint not specifically admitted above are denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

Based upon its current information and belief, SunPath asserts the following affirmative defenses to Plaintiffs' Complaint, and SunPath reserves the right to assert additional affirmative defenses in the event its investigation or discovery indicate that they would be appropriate.  By asserting these defenses here, SunPath does not concede that it has the burden of proof or production for any of the following:

1.      Plaintiffs lack standing because they have incurred no injury in fact or actual harm or damages.

2.      Plaintiffs fail to state a claim against SunPath upon which relief can be granted.

3.      SunPath did not make the calls alleged in Plaintiffs' Complaint and is not vicariously liable for any third party that may have made such calls.

4.      Any alleged damages suffered by Plaintiff or members of the putative class resulted from the acts or omissions of third parties who were not agents of SunPath, over whom SunPath exercised no control or authority, and for whose conduct SunPath is not responsible.

5.      Although SunPath specifically denies it has any liability with respect to Plaintiffs' claims and allegations, SunPath asserts that it has not willfully violated any statute and any violation(s) that may have occurred were unintentional.

SunPath reserves the right to rely upon all other properly provable defenses which further discovery or the evidence may disclose.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant SunPath Ltd. respectfully prays for judgment as

follows:

1.      That Plaintiffs' Class Action Complaint be dismissed with prejudice and

judgment entered in SunPath's favor;

2.      That SunPath be awarded its reasonable costs and attorneys' fees; and

3.      That SunPath be awarded such further relief as the Court deems equitable and

just.

**WHEREFORE,** Defendant hereby request dismissal of the Complaint and such other

and further relief as the Court deems just and proper.

Dated January 31, 2020                        Respectfully submitted,

                                              SUNPATH LTD.

                                              By its attorneys,

                                              /s/ *Stephen D. Riden*
                                              Stephen D. Riden, BBO No. 644451
                                              Beck Reed Riden LLP
                                              155 Federal Street, Suite 1302
                                              Boston, Massachusetts 02110
                                              Telephone: (617) 500-8600
                                              Facsimile: (617) 500-8665
                                              *sriden@beckreed.com*


                                              and

                                              Mitchell N. Roth, Esq., (*Pro Hac Vice* forthcoming)
                                              Gregory M. Caffas, Esq., (*Pro Hac Vice*
                                              forthcoming)
                                              ROTH JACKSON
                                              8200 Greensboro Drive
                                              Suite 820
                                              McLean, Virginia
                                              (703) 485-3536
                                              (703) 485-3533
                                              mroth@rothjackson.com
                                              gcaffas@rothjackson.com

and

Joseph P. Bowser, Esq., (*Pro Hac Vice* forthcoming)
ROTH JACKSON
1519 Summit Avenue, Suite 102
Richmond, VA 23230
(804) 441-8701
(804) 441-8438 (Facsimile)
jbowser@rothjackson.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I, Stephen D. Riden, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 31, 2020.

January 31, 2020

Respectfully submitted,

/s/ *Stephen D. Riden*
Stephen D. Riden, BBO No. 644451
Beck Reed Riden LLP
155 Federal Street, Suite 1302
Boston, Massachusetts 02110
Telephone: (617) 500-8600
Facsimile: (617) 500-8665

*Counsel for Defendant*