# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRENNAN LANDY and CANDY WORKMAN, individually and on behalf of all others similarly situated,<br><br>　　　Plaintiffs,<br><br>v.<br><br>SUNPATH LTD., a Massachusetts corporation<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:19-cv-12562-IT<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATED PROTECTIVE ORDER

WHEREAS, it may be necessary or desirable to take discovery of information which is believed to be confidential and proprietary by the holder thereof; and

WHEREAS, the parties hereto desire to obtain a protective order to prevent dissemination and unnecessary disclosure of such information on the public record;

WHEREAS, such information likely will include, among other things, information about sensitive products and/or services, proprietary design and development materials of products and/or services, strategic decision-making information, and marketing and sales information;

IT IS HEREBY STIPULATED, and subject to the Court's approval, pursuant to Federal Rules of Civil Procedure, Rule 26(c), that the following provisions shall govern the handling of such confidential information and documents in these proceedings.

1.　　As used herein, the term "Confidential Information" means confidential, proprietary, trade secret and/or personal private information that is to be protected from public disclosure.

2.　　The Parties acknowledge that they intend to request and/or exchange certain

documents and information from one another and certain third parties that may contain Confidential Information.

3. The Parties acknowledge that, pursuant to the terms of this Order, they may be provided with documents containing Confidential Information. The Parties further acknowledge that the improper disclosure of documents or information containing Confidential Information may result in damages, losses and irreparable harm to the disclosing Party. Accordingly, the Parties agree and covenant to use good faith and reasonable care when maintaining, storing and disclosing Confidential Information and further agree to take all steps necessary in order to preserve the confidential, proprietary and/or personal private nature of Confidential Information.

4. Confidential Information shall not be disclosed or permitted to be disclosed to anyone other than those individuals or entities bound by this Order, as set forth below. This Order shall be binding on each of the Parties and their respective affiliates, employees, contractors, representatives and agents including, but not limited to, the attorneys of record.

5. A Party seeking to protect Confidential Information shall designate the information as either "Confidential" or "Confidential – Attorney Eyes Only." The "Attorney Eyes Only" designation shall only be used for information that the producing Party considers highly confidential and highly sensitive and competitive information. Documents and other tangible items shall be designated as "Confidential" or "Confidential - Attorney Eyes Only" at the time the documents are produced and by a stamp or some other label on the documents or items within fourteen (14) days of receipt of such documents by the designating Party. Any deposition transcripts or portions thereof may be designated as "Confidential" or "Confidential - Attorney Eyes Only" on the record at the time the testimony is given, or within fourteen (14) days after the transcript is received by the designating Party by written notice to all Parties and recipients of the

transcript. Deposition transcripts shall be maintained as "Confidential – Attorney Eyes Only" for at least fourteen (14) days after their receipt to enable a producing Party to designate portions as "Confidential" or "Confidential –Attorney Eyes Only." Only with specific order(s) of the Court can testimony or exhibits at a hearing or trial be protected in any manner.

6. The Parties agree that all Confidential Information exchanged between one another or received from any third party shall be used solely for the purposes of the above-captioned proceeding. Under no circumstances, other than those specifically provided for herein, shall a Party receiving Confidential Information disclose said Confidential Information to any person or entity other than the following:

   a. The Parties;

   b. Experts or consultants retained to assist the Parties in this proceeding;

   c. Fact witnesses to the extent the Confidential Information relates to their testimony as it is anticipated to be offered in this proceeding;

   d. Counsel for the Parties, including paralegals and support staff assisting counsel or other persons employed or retained by the Parties and who are engaged in such manner of assistance; and

   e. The Court and all Court personnel.

7. Confidential Information may not be disclosed, shown or otherwise revealed to those persons identified in Paragraph 6 (a) through (c) above, until (i) the undersigned attorneys and Party have advised such person that the Confidential Information is confidential and subject to this Order; and (ii) such persons have agreed in writing to be bound by the terms of this Order by signing the Acknowledgement attached hereto as Appendix A. Counsel, Party and all Parties shall maintain a signed copy of Appendix A for each individual who is provided access to Confidential Information and be prepared to provide a copy of the same to the Court upon request

related to any alleged disclosures. The Court and Court personnel are not required to sign Appendix A.

8. Except upon further Order of the Court or by express written consent of counsel of record, Confidential Information designated as "Confidential – Attorney Eyes Only" may only be disclosed to the following individuals:

   a. Litigation counsel (i.e., counsel of record and any other attorneys substantially involved in the prosecution or defense of this action on behalf of any party) for the parties to this action, including other attorneys in that firm and paralegals, office clerks, secretaries and clerical or support personnel employed by Litigation counsel, but only if:

      (i) it is necessary to disclose the "Confidential – Attorney Eyes Only" Information to them for purposes of this action;

      (ii) they are not Parties or affiliates of any Party or competitors or vendors of any Party;

      (iii) they are not officers, directors or employees of parties, or affiliates of Parties, or of competitors or vendors or customers of Parties; and

      (iv) they are under the supervision and control of Litigation counsel.

   b. In-house counsel for SunPath, Ltd.

   c. The Court, and any court reporter, videographer or typist recording or transcribing testimony in this action, and any outside, independent reproduction service.

   d. Consulting experts or testifying expert witnesses, their associates, assistants, and other personnel employed directly by the experts who submit to the jurisdiction of this Court's Order and who acknowledge and agree to be bound by the terms of this Order. The experts shall execute an acknowledgment substantially in the form attached as Exhibit A to this Order before being given access to the "Confidential –Attorney Eyes Only" Information. A Party may not disclose "Confidential – Attorney Eyes Only" Information to experts unless:

      (i) it is necessary to disclose the "Confidential –Attorney Eyes Only" Information to them for purposes of this action;

      (ii) they are not parties or affiliates of any Party; and

(iii) they are not officers, directors, or employees of Parties, or affiliates of Parties, or of competitors or vendors or customers of Parties.

e. The author, addressee or any other person identified in the document as a prior recipient of the Confidential – Attorney Eyes Only" Information.

f. Other persons who may be specifically designated by written consent of all attorneys of record or pursuant to order of the Court.

9. Each person given access to Confidential Information shall segregate such material, keep it secure, treat it as confidential and proprietary and take all action necessary to preserve and prevent the unauthorized disclosure – whether intentional or unintentional – of the Confidential Information. Nothing herein purports to direct the Court or Court personnel as to the handling of material designated by the parties as Confidential Information.

10. The Parties shall take reasonable steps to protect Confidential Information that may be transferred or transcribed into their own notes, summaries, copies or exhibits prior to use in any hearing or trial.

11. With respect to any deposition testimony, the designation of "Confidential" or "Confidential - Attorney Eyes Only" may be made on the record at the time of the deposition testimony, at which time the deposition testimony shall be marked by the court reporter and shall be subject to the full protection of this Order. In the case of deposition testimony not so designated, counsel may—within fourteen (14) days after receipt of the transcript—notify the Parties that all or part of the transcript contains Confidential Information, in which case any pages specifically designated "Confidential" or "Confidential - Attorney Eyes Only" shall be subject to the full protection of this Order. Until expiration of the aforementioned fourteen (14) day period, all transcripts, in addition to all information contained therein and exhibits attached thereto, shall be deemed Confidential Information, subject to the terms of the Order. The cover page of any deposition transcript and/or deposition exhibits that have been designated as Confidential

Information or "Confidential - Attorney Eyes Only" shall include a prominent designation that states "Contains Confidential Information Subject to Protective Order," or other equivalent language.

12. Within sixty (60) days of the conclusion of this proceeding, all Confidential Information and all copies, duplications, notes, extracts and summaries thereof shall be returned to the producing Party or with the prior written consent of the producing Party or their counsel, destroyed with a letter to counsel for the producing Party certifying that all Confidential Information has been, as applicable, returned or destroyed. After the sixty (60) day period, if requested by any Party, counsel of record shall within fourteen (14) days of the request, certify in writing that all Confidential Information required to be returned has been returned or destroyed.

13. If any Party to this proceeding disagrees with a designation that particular documents or testimony are Confidential Information, such Party shall give the designating Party or entity written notice of its disagreement and the interested Party shall try to resolve such dispute in good faith prior to filing any motion with the Court. Nothing in this paragraph is intended to delay the proceedings or delay the issue being resolved with the Court.

14. Neither the attorney-client privilege nor work product protection is waived by inadvertent disclosure connected with this litigation. A party who has inadvertently produced documents protected by the attorney-client privilege or work product doctrine shall give written notice to counsel for the receiving party. Immediately upon receipt of such notice and an updated privilege log identifying the document, and without further substantive review of the document, the receiving party shall return or destroy all copies of the document and provide written notice of such action, even if the receiving party disputes the assertion of privilege.

15. The inadvertent or mistaken disclosure of any confidential information by a designating party, without a designation of "Confidential" or "Confidential – Attorneys' Eyes Only," shall not constitute a waiver of any claim that the information is entitled to protection under this Stipulated Protective Order, provided the designating party gives prompt written notice of the desired designation to all Parties after discovery of such inadvertent or mistaken disclosure and provided that any disclosure of such information prior to its designation as "Confidential" or "Confidential – Attorneys' Eyes Only" shall not be a violation of the Stipulated Protective Order. Along with notice of inadvertent or mistaken disclosure, the designating party shall provide properly marked information to each Party to whom the information was disclosed. Upon receipt of the properly marked information, the receiving party shall (a) return to the designating party, or destroy, the improperly marked information that was initially produced, and (b) if a disclosure of that information was made to a person to whom disclosure would not have been permitted if the information were properly marked, identify the person(s) to whom such disclosure was made.

16. In the event that there is a disagreement concerning any documents designated as "Confidential – Attorney Eyes Only," which cannot be mutually resolved between the parties, the non-designating Party may object to the designation of a specific document or class of documents by filing a Motion with the Court, stating the specific reasoning giving rise to the objection, and requesting that the designation be determined by the Court. The Court shall decide whether the designation shall be revised or removed and may determine whether any additional protections, such as withdrawal or destruction of the documents, are needed – keeping in mind the interests of all parties and the need for the evidence.

17. Nothing contained in this Order shall be construed to restrict the use or disclosure of Confidential Information by the Party producing such information or documentation or be

construed as a basis to avoid discovery of such information or documentation, or be construed as a basis to prevent any Party from interposing an objection to a request for discovery.

18. Nothing contained in this Order shall prejudice, in any way, the right of any Party to seek, by way of consent of all of the Parties or by application to the Court (i) additional protection for specific Confidential Information; or (ii) relief from the provisions of this Order with respect to specific items or categories of Confidential Information.

19. By stipulating to this Order, the Parties do not waive any applicable privileges, and reserve the right to contest any requests or subpoenas for documents or testimony and to assert such applicable privileges.

20. The Parties stipulate that, after the disclosure of any given document, the producing Party shall have the absolute right to rescind the inadvertent production of that document if it contains privileged attorney-client communications and/or work product provided that the producing Party provides prompt written notice to the receiving Party of its discovery of the inadvertent production. Accordingly, in the event that the producing Party determines that a privileged document has been inadvertently produced, the following procedures shall be followed: (i) The designating parties shall make written demand upon the receiving Party to return such inadvertently produced documents, materials or information; (ii) Upon demand by the designating Party, all such documents, material or information and any copies, duplications, extracts, and summaries thereof shall be returned to the designating Party within five (5) business days; (iii) The designating Party shall maintain the specified documents, material or information for <u>in camera</u> inspection by the Court during the pendency of this case, including any appeals.

21. All Parties and attorneys of record in this proceeding, and all other persons and entities granted access to Confidential Information by counsel or the Parties pursuant to this Order

shall be bound by this Order.  Nothing herein purports to direct the Court or Court personnel as to the handling of material designated by the parties as Confidential Information.

22. No Party shall file any Confidential Information with the Court until the Court determines whether such material may be filed under seal or on the public docket.  A Party seeking to file such material shall first notify the Party who designated the material, and the Party seeking to maintain the confidentiality of the material shall promptly file a Motion to Impound Designated Material in accordance with District of Massachusetts Local Rule 7.2 and ECF Administrative Procedures.  The Motion to Impound shall reference this Order, describing the general nature and purpose for submitting the paper (i.e., exhibit to declaration in support of motion, etc.), and provide a factual demonstration of potential harm to support the request for leave to file the document under seal.  Reference to a document's designation as "Confidential" or "Confidential – Attorney Eyes Only" pursuant to the Protective Order, without more, will not suffice to show a particularized need for impoundment.  If a Party obtains leave to file Confidential Information under seal, the filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information, or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.  Nothing herein purports to direct the Court or Court personnel as to the handling of material designated by the parties as Confidential Information.

23. Nothing in this agreed Order is intended to or may be construed as limiting the Parties from using information gained in discovery or otherwise at hearing or trial.

24. The undersigned hereby stipulate and agree that the Court may enter this Stipulated Protective Order in the above-referenced action, and further that the Court may and shall issue any necessary orders on this subject.

IT IS SO ORDERED, this _____ day of _____ 2020.

_____
Hon. Indira Talwani
United States District Judge

Stipulated and Agreed to by:

BECK REED RIDEN LLP:

/s/ *Stephen D. Riden*
Stephen D. Riden, BBO No. 644451
Jillian E. Carson, BBO No. 698505
BECK REED RIDEN LLP
155 Federal St., Suite 1302
Boston, MA 02110
Tel: (617) 500-8660
Fax: (617) 500-8665
sriden@beckreed.com
jcarson@beckreed.com

JOSEPH P. BOWSER, *pro hac vice*
ROTH JACKSON
1519 Summit Avenue, Suite 102
Richmond, VA 23230
Phone: 804-441-8701
Fax: 804-441-8438
jbowser@rothjackson.com

and

MITCHELL N. ROTH, *pro hac vice*
GREGORY M. CAFFAS, *pro hac vice*
ROTH JACKSON
8200 Greensboro Drive, Suite 820
McLean, Virginia 22102
Phone: 703-485-3531
Fax: 703-485-3525
mroth@rothjackson.com
gcaffas@rothjackson.com

*Attorneys for Defendant SunPath, Ltd.*

Law Office of J. Steven Foley:

/s/ *Patrick H. Peluso [by permission – SDR]*
J. STEVEN FOLEY
Law Office of J. Steven Foley
100 Pleasant Street #100
Worcester, MA 01609
jsteven@attorneyfoley.com

and

Patrick H. Peluso
Steven L. Woodrow
Stephen A. Klein
Woodrow & Peluso, LLC
3900 East Mexico Avenue, Suite 300,
Denver, CO 80210
ppeluso@woodrowpeluso.com
swoodrow@woodrowpeluso.com
sklein@woodrowpeluso.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that this document has been filed through the CM/ECF system on May 18, 2020, and will be served electronically to the registered participants as identified on the Notice of Electronic Filing through the Court's transmission facilities, and that non-registered participants have been served this day by mail.

/s/ *Stephen D. Riden*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BRENNAN LANDY and CANDY WORKMAN, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>SUNPATH LTD., a Massachusetts corporation<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:19-cv-12562-IT<br>)<br>)<br>)<br>)<br>)<br>) |

I, _____, being of lawful age and capacity, hereby certify that I have read the Confidentiality Agreement and Protective Order ("Order") entered in the above-captioned proceeding on the \_\_\_\_ day of _____, 2020, and I agree to abide by its terms. I agree that, except for the purposes of the above-captioned action, I will not make any use of Confidential Information nor will I disclose or provide such documentation or information to any third-parties. I consent to the personal and subject matter jurisdiction of the United States District Court for the District of Massachusetts from which the Confidential Information was produced for purposes of enforcement of this Order against me or other matters related to the Order.

Name: _____  Address: _____

By: _____  _____

Print (name): _____

Date: _____

**APPENDIX A**